IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KORRY SCOTT SNOOZY,

        Plaintiff,

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

1:12-cv-02014-MA

OPINION AND ORDER

PHILIP W. STUDENBERG
230 Main Street
Klamath Falls, Oregon 97601

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

KATHRYN ANN MILLER
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff, Korry Scott Snoozy, brings this action for judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). See 42 U.S.C. §§ 401-434. This court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, I affirm the final decision of the Commissioner.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on January 9, 2009, alleging disability beginning September 15, 1999 due to heart conditions including a heart attack, atrial fibrillation, and hypertension, as well bipolar disorder and anxiety. Tr. 172. The claim was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ) on April 28, 2011, at which plaintiff was represented by counsel and testified. In addition, vocational expert (VE) Frank Lucas was present throughout the hearing and testified. Tr. 70-85.

On May 27, 2011, the ALJ issued a decision denying plaintiff's application. Tr. 44-53. Plaintiff submitted additional evidence to the Appeals Council, including a medical report from Sharon Melnick, M.D., Ph.D., but the Appeals Council determined the additional evidence was not relevant to the period on or before the date the ALJ issued his decision, and accordingly did not consider

2 - OPINION AND ORDER

Dr. Melnick's report or make it part of the record. Tr. 1-2, 6. After the Appeals Council declined review, plaintiff timely appealed.

## FACTUAL BACKGROUND

Born on November 3, 1964, plaintiff was 34 years old on the alleged onset date of disability and 46 years old on the date of the hearing. Plaintiff has a high school equivalency and past relevant work as a Assembler, Roofer, Laborer in Stores, and Garbage Collector.

In addition to his hearing testimony, plaintiff submitted an Adult Function Report. Tr. 202-09. Plaintiff's ex-wife, Valerie Pederson, also submitted a Third Party Function Report. Tr. 194-201. Nancy Cloak, M.D., performed a Comprehensive Psychiatric Evaluation and submitted her opinion. Tr. 308-14.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at Steps One through Four. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at Step Five to show that a significant number of jobs exist in the national

3 - OPINION AND ORDER

economy that the claimant can perform. See Yuckert, 482 U.S. at 141-42; Tackett, 180 F.3d at 1098.

At Step One, the ALJ determined that plaintiff has not engaged in substantial gainful activity since November 6, 2008. See 20 C.F.R. §§ 404.1571 et seq.; Tr. 46.

At Step Two, the ALJ determined that plaintiff's history of atrial fibrillation, mood disorder, and antisocial personality disorder are severe impairments. See 20 C.F.R. § 404.1520(c); Tr. 46-47.

At Step Three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526; Tr. 47-48.

The ALJ found that plaintiff has the residual functional capacity (RFC) to perform light work, except that plaintiff is further limited to unskilled work, no public contact, only occasional co-worker contact with no teamwork, and no frequent supervision. Tr. 48-51.

At Step Four, the ALJ found that plaintiff is unable to perform any past relevant work. See 20 C.F.R. § 404.1565; Tr. 51.

At Step Five, however, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, including Textile Stuffer, Night Cleaner, and Laundry Article Sorter. See 20 C.F.R. §§ 404.1569, 404.1569(a); Tr. 51-52.

4 - OPINION AND ORDER

Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act.

### ISSUES ON REVIEW

Plaintiff raises only one issue on review. Plaintiff argues that the Commissioner erred in failing to consider Dr. Melnick's opinion submitted to the Appeals Council.

### STANDARD OF REVIEW

The court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). If the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

///

5 - OPINION AND ORDER

## DISCUSSION

"When the Appeals Council declines review, 'the ALJ's decision becomes the final decision of the Commissioner,' and the district court reviews that decision for substantial evidence, based on the record as a whole." Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1161-62 (9th Cir. 2012) (citations omitted). "[T]he administrative record includes evidence submitted to *and considered by* the Appeals Council." Id. at 1162 (emphasis added). "The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision." Id. (citing 20 C.F.R. § 404.970(b)). If a claimant submits "evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to [the claimant] with an explanation as to why it did not accept the additional evidence and will advise [the claimant] of [his] right to file a new application." 20 C.F.R. § 404.976(b)(1).

Here, plaintiff submitted Dr. Melnick's report, dated March 6, 2012, to the Appeals Council. Tr. 2. The Appeals Council refused to consider Dr. Melnick's report, however, because it was "about a later time," and "does not affect the decision about whether [plaintiff was] disabled beginning on or before May 27, 2011," the

6 - OPINION AND ORDER

date of the ALJ's decision. Id. Therefore, the Appeals Council did not include Dr. Melnick's report in the record, returned the report to plaintiff, and explained that he could file a new application. Id.

The Appeals Council's rejection of the new evidence, then, followed the Commissioner's regulations. To the extent plaintiff argues that the Appeals Council improperly determined that Dr. Melnick's report did not relate to the period before the ALJ's decision, there is no evidence before the court demonstrating that Dr. Melnick's report in fact related to the relevant period. On the record before the court, the Appeals Council's action complied with the Commissioner's regulations. Thus, the Appeals Council did not err in failing to consider Dr. Melnick's opinion.

## CONCLUSION

For the foregoing reasons, the decision of the ALJ is AFFIRMED.

IT IS SO ORDERED.

DATED this __16__ day of September, 2013.

Malcolm F. Marsh
United States District Judge

7 - OPINION AND ORDER